Case 7:25-cv-00581   Document 8   Filed on 12/18/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
December 19, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| K.A.R.M., a minor, by and through his next friend, Maegan Faitsch<br>    Petitioner,<br><br>vs.<br><br>    KRISTI NOEM, Secretary of the U.S. Department of Homeland Security; ROBERT F. KENNEDY, Secretary of Health and Human Services; TODD LYONS, Acting Director of the U.S. Immigration and Customs Enforcement; ANGIE SALAZAR, Acting Director of Office of Refugee Resettlement; BLANCA FERNANDEZ, Federal Field Specialist, Office of Refugee Resettlement; JEISSA MELENDEZ, Program Director, Refugio Alamo, in their official capacities; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; OFFICE OF REFUGEE RESETTLEMENT<br>    Respondents. | § § § § § § § § § § § § § § § § § § § § § § § § § § | CIV. NO. 7:25-cv-00581 |

## ORDER

Petitioner, K.A.R.M., by and through his next friend, Maegan Faitsch, initiated this action by filing Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief on December 16, 2025, pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act (28 U.S.C. § 2201), and the All Writs Act (28 U.S.C. § 1651), against Respondents, Kristi Noem, Robert F.

1

Kennedy, Todd Lyons, Angie Salazar, Blanca Fernandez, Jeissa Melendez, U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement, U.S. Department of Health and Human Services, and Office of Refugee Settlement (collectively, "Respondents"). (Dkt. No. 1).

Therein, Petitioner asks the Court to find that Petitioner's continued detention is unlawful, to order his immediate release from custody or hold a bond hearing, to order his expedited transfer to his legal guardian in Connecticut or to the least restrictive community placement available, and to consider whether Petitioner can be held by the Office of Refugee Resettlement of the U.S. Department of Health and Human Services. (Dkt. No. 1 at 3). Additionally, Petitioner asks the Court to grant the Petition for Writ of Habeas Corpus or to order Respondents to show cause as to why the petition should not be granted. (*Id.* at 4).

Petitioner subsequently filed Petitioner's Motion for Order to Show Cause and Emergency Hearing ("Motion to Show Cause") on December 18, 2025. (*See* Dkt. No. 6). Pending before the Court is Petitioner's Motion to Show Cause. (Dkt. No. 6).

After careful review of the filings and applicable law, and for reasons listed herein, Petitioner's Motion to Show Cause under 28 U.S.C. § 2243 is **GRANTED in part** and **DENIED in part**.

I.   **BACKGROUND**

Petitioner is a sixteen-year-old child who arrived in the U.S. after fleeing his home country of Ecuador. (Dkt. No. 1 at 2, 4). Petitioner is currently detained at Urban Strategies – Refugio Alamo, in Alamo, Texas. (*Id.* at 6). Petitioner claims that his unlawful arrest and ongoing detention is violative of the Fifth Amendment, the Administrative Procedure Act, the *Accardi* doctrine, the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, and the Immigration and Nationality Act and its implementing regulations. (*Id.* at 3). Petitioner does

2

not challenge a removal order or the authority to issue such. (*Id.*). Rather, Petitioner challenges the detention because the "arrest was unlawful, his detention serves no lawful purpose, and his removal is not reasonably foreseeable." (*Id.*). As such, Petitioner asks the Court to grant his immediate release or hold a bond hearing, to order the expedited transfer to his legal guardian or to the least restrictive community placement available, and to consider whether he can be legally held by the Office of Refugee Resettlement of the U.S. Department of Health and Human Services. (*Id.*). Additionally, Petitioner asks the court for relief pursuant to 28 U.S.C. § 2243. (*Id.* at 4).

Petitioner then filed Motion to Show Cause on December 18, 2025. (*See.* Dkt. No. 6). There, Petitioner requests the Court to order Respondents to show cause as to why the Petition for Writ of Habeas Corpus should not be granted, specifically requesting an order to respond within three days. (*Id.* at 5). Similarly, Petitioner requests the ability to file a "traverse" to Respondent's "return" pursuant to § 2248. (*Id.*); *see* 28 U.S.C. § 2248. Finally, Petitioner requests an emergency hearing. (Dkt. No. 6 at 1).

## II. APPLICABLE LAW/ANALYSIS

As a preliminary matter, it appears the Court has jurisdiction to review Petitioner's constitutional challenges to his continued detention under 28 U.S.C. § 2241. *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention."); *Glushchenko v. United States Dep't of Homeland Sec.*, 566 F.Supp.3d 693, 702 (W.D. Tex. 2021) ("[T]his court has jurisdiction to decide statutory and constitutional challenges to civil immigration detention[.]"); *Maldonado v. Macias*, 150 F.Supp.3d 788, 794 (W.D. Tex. 2015) ("[D]istrict courts retain the power to hear statutory and constitutional challenges to civil immigration detention under § 2241 when those claims do not challenge a final order of removal,

but instead challenge the detention itself.") (citing *Baez v. Bureau of Immigration and Customs Enf't*, 150 F. App'x. 311, 312 (5th Cir. 2005)).

The Court now turns to Petitioner's request pursuant to 28 U.S.C. § 2243.

Section § 2243 provides, in relevant part:

> A court, justice or judge entering a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243.

That provision contemplates a three-day timeline for Respondents to file a show cause response. However, the "strict time limits set forth in § 2243, a provision enacted in 1948, are subordinate to the district court's authority to set deadlines under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which Congress approved in 1976." *Olya v. Garite*, EP-25-CV-00083-DCG, 2025 WL 890180, at *1 (W.D. Tex. Mar. 19, 2025); *see also Yassine v. Collins*, 1:25-CV-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025); *Hernandez v. Witte*, NO. 1:20-CV-1680-P, 2020 WL 7647548, at *1 (W.D. La. Dec. 23, 2020).

Rule 4 provides the Court discretion to require a response "within a fixed time[.]" *See* R. Gov. Sec. 2254 Cases 4. Further, district courts in the Fifth Circuit have routinely found a 14-day deadline to be reasonable to respond to show cause orders under § 2243. *See Olya*, 2025 WL 890180, at *1 (requiring respondents to show cause within fourteen days); *Yassine*, 2025 WL 1954064, at *1 (same); *Laguna*, 2025 WL 1173438, at *1 (same).

Petitioner also cites to § 2248 and requests that the Court "expressly permit him to file a traverse to the government's return to the petition within the same amount of time the government is ordered to file a return." (Dkt. No. 6 at 5).

Section 2248 states:

> The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.

28 U.S.C. § 2248.

In sum, the Court finds that a response and show cause hearing are necessary. In light of the apparent urgency within Petitioner's Writ, the Court will expedite the response time. However, to give Respondents adequate time to prepare their response, and to allow the Court opportunity for meaningful review, the Court exercises its discretion under Rule 4 to extend the deadline to respond to fourteen days. *See* R. Gov. Sec. 2254 Cases 4. Additionally, Petitioner will be afforded sufficient time to reply to Respondents' response.

### III.  CONCLUSION

Accordingly, Petitioner's Motion to Show Cause (Dkt. No. 6) is **GRANTED in part and DENIED in part**. Respondents are hereby **ORDERED** to **SHOW CAUSE** in a response by January 2, 2026, as to why the Petition for Writ of Habeas Corpus should not be granted. Respondents are also directed to address whether this Court has jurisdiction to hear this matter.

Petitioner may file a reply by January 7, 2026.

A Show Cause Hearing is scheduled for January 9, 2026, at 2 p.m.

Petitioner is hereby **ORDERED** to request summons from the District Clerk in this matter by December 22, 2025, and, to the extent practicable, effectuate service of said summons on the appropriate Respondent(s) by December 24, 2025.

The Clerk shall also provide a copy of this Order to Counsel for Petitioner and Counsel for Respondents.

**DONE** at McAllen, Texas, this 18th day of December 2025.

Juan F. Alanis
United States Magistrate Judge