United States District Court
Southern District of Texas

**ENTERED**
January 14, 2026
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| K.A.R.M., a minor, by and through his | § | |
| next friend, Maegan Faitsch | § | |
|     Petitioner, | § | |
| | § | |
| vs. | § | CIV. NO. 7:25-cv-00581 |
| | § | |
|     KRISTI NOEM, Secretary of the U.S. | § | |
| Department of Homeland Security; | § | |
| ROBERT F. KENNEDY, Secretary of | § | |
| Health and Human Services; TODD | § | |
| LYONS, Acting Director of the U.S. | § | |
| Immigration and Customs Enforcement; | § | |
| ANGIE SALAZAR, Acting Director of | § | |
| Office of Refugee Resettlement; BLANCA | § | |
| FERNANDEZ, Federal Field Specialist, | § | |
| Office of Refugee Resettlement; JEISSA | § | |
| MELENDEZ, Program Director, Refugio | § | |
| Alamo, in their official capacities; U.S. | § | |
| DEPARTMENT OF HOMELAND | § | |
| SECURITY; U.S. IMMIGRATION AND | § | |
| CUSTOMS ENFORCEMENT; U.S. | § | |
| DEPARTMENT OF HEALTH AND | § | |
| HUMAN SERVICES; OFFICE OF | § | |
| REFUGEE RESETTLEMENT | § | |
|     Respondents. | § | |

## REPORT & RECOMMENDATION

Petitioner, K.A.R.M., by and through his next friend, Maegan Faitsch, initiated this action

by filing Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief

("Petition") on December 16, 2025, pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act

(28 U.S.C. § 2201), and the All Writs Act (28 U.S.C. § 1651), against Respondents, Kristi Noem,

Robert F. Kennedy, Todd Lyons, Angie Salazar, Blanca Fernandez, Jeissa Melendez, U.S.

Department of Homeland Security, U.S. Immigration and Customs Enforcement, U.S. Department

of Health and Human Services, and Office of Refugee Settlement (collectively, "Respondents"), seeking a declaration that his continued detention is unlawful and requesting his immediate release. (*See* Dkt. No. 1).

Pending before the Court is Federal Respondents' Motion to Dismiss as Moot ("Motion to Dismiss"), filed on January 2, 2026. (Dkt. No. 14). After careful consideration of the filings and applicable law, and for reasons listed herein, the undersigned recommends Respondents Motion to Dismiss (Dkt. No. 14) be **GRANTED**, and Petitioner's Petition (Dkt. No. 1) be **DISMISSED as moot.**

I.     Background

Petitioner is a sixteen-year-old child who arrived in the U.S. after fleeing his home country of Ecuador. (Dkt. No. 1 at 2, 4). Petitioner was detained at Urban Strategies – Refugio Alamo, in Alamo, Texas. (*Id*. at 6). Petitioner claims that his unlawful arrest and continued detention is violative of the Fifth Amendment, the Administrative Procedure Act, the *Accardi* doctrine, the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, and the Immigration and Nationality Act and its implementing regulations. (*Id.* at 3). Petitioner does not challenge a removal order or the authority to issue such. (*Id.*). Rather, Petitioner challenges the detention because the "arrest was unlawful, his detention serves no lawful purpose, and his removal is not reasonably foreseeable." (*Id.*).

Petitioner filed his Petition on December 16, 2025, asking this Court to find that his continued detention was unlawful, to order his immediate release from custody or hold a bond hearing, to order his expedited transfer to his legal guardian in Connecticut or to the least restrictive community placement available, and to consider whether Petitioner could be held by the Office of the Refugee Resettlement of the U.S. Department of Health and Human Services. (Dkt. No. 1 at

2

3). Alternatively, Petitioner asked the Court to order Respondents to show cause as to why the Petition should not be granted. (*Id*. at 4). Petitioner subsequently filed Petitioner's Motion for Order to Show Cause and Emergency Hearing ("Motion to Show Cause") on December 18, 2025. (*See* Dkt. No. 6).

This Court issued an order on December 18, 2025, granting in part and denying in part Petitioner's Motion to Show Cause. (*See* Dkt. No. 8). Specifically, the Court ordered Respondents to show cause in a response by January 2, 2026, and ordered Respondents to address the jurisdiction of the Court to hear the matter. (*Id.* at 5). Petitioner could file a reply by January 7, 2026, and the Court scheduled a show cause hearing for January 9, 2026. (*Id*.).

On January 2, 2026, Respondents filed Respondents' Motion to Dismiss. (*See* Dkt. No. 14). Therein, Respondents allege that Petitioner's Petition (Dkt. No. 1) should be dismissed as moot because Petitioner was released from the custody of the Office of Refugee and Resettlement on or about December 21, 2025, attaching Petitioner's discharge documents in support. (*Id*. at 2; *see* Dkt. No. 14-1; Gov't Ex. 1).

On January 7, 2026, Petitioner filed Petitioner's Notice of Non-Opposition to the Respondent's Motion to Dismiss (Dkt. No. 16) confirming Petitioner was released from detention on December 21, 2025, and that Petitioner is unopposed to dismissal. (*Id*. at 1).

II.    Applicable Law/Analysis

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case is considered moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "Generally, any set of circumstances that eliminates actual controversy

3

after the commencement of a lawsuit renders that action moot." *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). Therefore, the Court must determine whether an actual controversy remains.

It is undisputed that Petitioner has been released from his previously challenged custody. (*See* Dkt. No. 14 at 1; Dkt. No. 16 at 1; Gov't Ex. 1). As such, no actual, justiciable controversy remains in this matter. Moreover, District Courts in the Fifth Circuit have routinely dismissed petitions brought under 28 U.S.C. § 2441 challenging immigration detention as moot where the petitioner was no longer detained by the respondent. *See, e.g., Ighekpe v. Sourkaris*, No. 3-05-CV-2098-K, 2006 WL 297746, at *1-2 (N.D. Tex. Jan. 20, 2006) (recommending dismissal as moot where the petitioner was physically deported by flight); *Wal v. Gillis*, No. 5:19-cv-70-DCB-MTP, 2020 WL 1536548, at *1 (S.D. Miss. Jan. 2, 2020) (recommending dismissal where the petitioner was deported), *report and recommendation adopted*, 2020 WL 1529375 (S.D. Miss. Mar. 30, 2020); *Singh v. Gillis*, No. 5:19-cv-148-DCB-MTP, 2020 WL 3163670, at *1-2 (S.D. Miss. Mar. 5, 2020) (same), *report and recommendation adopted*, 2020 WL 3146820 (S.D. Miss. June 12, 2020); *Alvarez v. Gillis*, No. 5:19-cv-123-DCB-MTP, 2020 WL 2843772, at *1 (S.D. Miss. Mar. 19, 2020) (same), *report and recommendation adopted*, 2020 WL 2841783 (S.D. Miss. June 1, 2020).

Thus, the Court lacks jurisdiction over this claim and dismissal is appropriate.

## III.   Conclusion

### *Recommended Disposition*

Accordingly, the Court recommends Respondents' Motion to Dismiss (Dkt. No. 14) be **GRANTED**. In doing so, the Court further recommends Petitioner's Petition (Dkt. No. 1) be **DISMISSED as moot.**

4

***Notice to the Parties***

The Clerk shall send copies of this Report and Recommendation to counsel for Petitioner and counsel for Respondents, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a *de novo* review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglas v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

The Clerk shall provide copies of this Report to counsel for Petitioner and counsel for Respondent.

DONE at McAllen, Texas, on 14th day of January 2026.

Juan F. Alanis
United States Magistrate Judge